```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
CONCERIA VIGNOLA SRL,                                      :
                                                           :     09 Civ. 6684 (GBD) (DF)
                         Plaintiff,                        :
                                                           :     REPORT AND
             -against-                                     :     RECOMMENDATION
                                                           :
AXA HOLDINGS, LLC,                                         :
                                                           :
                         Defendant.                        :
-----------------------------------------------------------X
```

**TO THE HONORABLE GEORGE B. DANIELS:**

## INTRODUCTION

On July 28, 2009, Plaintiff Conceria Vignola SRL ("Plaintiff") filed a breach of contract action against defendant AXA Holdings, LLC ("Defendant") based on Defendant's alleged failure to pay for goods delivered. (*See* Complaint, dated July 28, 2009 ("Compl.") (Dkt. 1).) After Defendant failed to answer or otherwise respond to the Complaint, the Honorable George B. Daniels ordered that a default be entered against Defendant and referred the matter to me to conduct an inquest and to report and recommend concerning damages. (*See* Dkts. 10, 11.)

On November 18, 2009, I issued a Scheduling Order requiring Plaintiff to serve and file Proposed Findings of Fact and Conclusions of Law ("Proposed Findings") no later than December 18, 2009. (*See* Dkt. 12.) In that Order, I cautioned Defendant that if, by January 19, 2010, it did not respond to Plaintiff's submissions or contact my chambers in writing to request an in-court hearing, it would be my intention to issue a report and recommendation on the basis of Plaintiff's written submissions alone. (*See id.*)

Plaintiff filed its Proposed Findings and supporting papers on December 15, 2009. (*See* Proposed Findings, dated Dec. 15, 2009 (Dkt. 13); *see also* Declaration of Francesco Di Pietro,

dated Sept. 15, 2009 ("Di Pietro Decl.") (Dkt. 14); Declaration of Umberto Vignola, dated Dec. 14, 2009 ("Vignola Decl.") (Dkt. 15).) To date, Defendant has not filed a response to any of Plaintiff's submissions, nor has it contacted my chambers to request a hearing.

For the reasons that follow, I recommend that Plaintiff be awarded damages, interest, and costs, as calculated below.

## BACKGROUND

As alleged in the Complaint, and as supported by the documentation submitted by Plaintiff on this inquest, the relevant facts are as follows:

Plaintiff, a leather goods manufacturer, is organized under the laws of Italy. (Compl., ¶ 3.) Defendant is a New York limited liability company which conducts business as an importer and distributor of leather goods. (*See id.*, ¶ 4.) From October 2006 to February 2007, Plaintiff allegedly sold and delivered to Defendant 24 separate shipments of leather goods for a cumulative purchase price of $270,101.16. (*See id.*, ¶ 6; Vignola Decl., ¶¶ 2, 5.) Plaintiff issued an invoice for each shipment. (Vignola Decl., Ex. A.) Defendant allegedly received and accepted each of the shipments and agreed to pay the invoiced prices. (Compl., ¶ 7; Vignola Decl., ¶ 4.) Indeed, Plaintiff asserts that Defendant admitted, on several occasions, to owing the amounts reflected on the invoices. (Compl., ¶ 9; Vignola Decl., ¶ 4.) Nonetheless, despite numerous demands by Plaintiff, Defendant has not, to date, remitted payment and the total purchase price thus remains unpaid and overdue. (Compl., ¶ 9; Vignola Decl., ¶ 2.)

On July 28, 2009, Plaintiff filed a Complaint for breach of contract against Defendant to recover the purchase price. (*See* Dkt. 1.) Plaintiff incurred a filing fee of $350 paid to the Clerk

of the Court and fees of $60 paid in connection with service of process upon Defendant through the New York Secretary of State. (Di Pietro Decl., ¶ 7.)

Accordingly, Plaintiff seeks damages in the amount of $270,101.16 (*see* Proposed Findings ¶ 10), plus prejudgment interest on that amount (*id.*, ¶¶ 11-13), and litigation costs in the amount of $410 (*id.*, ¶¶ 14-15).

## DISCUSSION

"A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability," but it does not reach the issue of damages. *Bambu Sales*, *Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). In conducting an inquest, the Court accepts as true all of the factual allegations of the Complaint, except those relating to damages. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). A plaintiff must therefore substantiate a claim with evidence to prove the extent of damages. *See Trehan v. Von Tarkanyi*, 63 B.R. 1001, 1008 n.12 (S.D.N.Y. 1986) (plaintiff must introduce evidence to prove damages suffered and the court will then determine whether the relief flows from the facts) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).

Without a response from Defendant, this Court must assess whether Plaintiff has provided a sufficient basis for the Court to determine damages. *See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (noting that the Court "should take the necessary steps to establish damages with reasonable certainty"). Although the Court may hold a hearing to assess damages, a hearing is not required where a sufficient basis on which to make a calculation exists. *See* Fed. R. Civ. P. 55(b)(2) (court may conduct hearings on

damages as necessary); *see also Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (judges are given much discretion to determine whether an inquest need be held); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"). In this case, a hearing is unnecessary; Plaintiff's written submissions provide an adequate basis for calculating the amount of damages.

### A. Choice of Law

Under New York choice of law principles, which apply in this diversity action, *see Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496-97 (1941), the choice of law for contract claims is determined by a "center of gravity" analysis. *See Globalnet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 383 (2d Cir. 2006); *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 394 (2d Cir. 2001). This analysis determines the contract's "center of gravity" by examining "'the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties.'" *Id.* (quoting *Allstate Ins. Co. v. Stolarz*, 81 N.Y.2d 219, 227 (1993)).

Plaintiff contends that New York law governs this dispute. (*See* Proposed Findings ¶¶ 10-11.) Plaintiff's allegations, however, do not clearly establish the "center of gravity" of the parties' contract. Although Plaintiff pleads that it is a business entity organized under the laws of Italy and that Defendant is an entity organized under the laws of New York (*see* Compl., ¶¶ 3-4), no specific facts have been alleged about the location of the negotiation, execution, or expected performance of the parties' contract. In a damages inquest, where the Court has insufficient information to perform the "center of gravity" analysis, but where, as here, the plaintiff has urged the application of the law of the forum and the defendant (a resident of the

forum) has not disputed that choice of law, it is appropriate for the Court to proceed to apply the law of the forum. *See Nwagboli v. Teamwork Transp. Corp.*, 08 Civ. 4562 (JGK) (KNF), 2009 U.S. Dist. LEXIS 121893, at *8 n.2 (S.D.N.Y. Dec. 7, 2009) (applying New York law to breach of contract claim where plaintiffs relied on New York law in their inquest memorandum but did "not plead[] facts sufficient to establish which jurisdiction ha[d] the most significant contacts[] under the 'center of gravity' approach"), *adopted by* 08 Civ. 4562 (JGK) (KNF), Dkt. 39 (Order, dated Mar. 9, 2010); *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 193 n.14 (E.D.N.Y. 2009) (applying law of the forum where plaintiff has alleged insufficient facts to enable the court to "make a choice of law determination with any certainty"); *Gold-Flex Elastic Ltd. v. Exquisite Form Indus.*, No. 95 Civ. 3881 (LMM), 1995 U.S. Dist. LEXIS 19205, at *8 (S.D.N.Y. Dec. 28, 1995) (applying New York prejudgment interest rules where no party has argued that foreign law applies).

Accordingly, this Court will apply New York law in order to determine the amount of damages that should be awarded to Plaintiff in this action.

  B. <u>**Damages**</u>

In this simple contract action, Defendant allegedly accepted goods from Plaintiff but failed to pay for them. (Compl., ¶¶ 7, 9.) Under New York law, "once a buyer accepts goods, a seller may recover the contract price." *Chalman Lal Setia Exports Ltd. v. Sawhney*, No. 00 Civ. 2838 (MBM) (KNF), 2002 U.S. Dist. LEXIS 14228, at *10 (S.D.N.Y. Jul. 31, 2002) (report & recommendation) (citing *Cayuga Press of Ithaca, Inc. v. Lithografiks, Inc.*, 621 N.Y.S.2d 187, 188 (3d Dep't 1995)), *adopted by* 2003 U.S. Dist. LEXIS 20954 (S.D.N.Y. May 28, 2003); *see also Maggio Importato, Inc. v. Cimitron, Inc.*, 592 N.Y.S.2d 325 (2d Dep't 1993) ("[d]efendant's

acceptance of the goods . . . entitles plaintiff to recover the contract price"). Plaintiff is thus entitled to recover the unpaid contract price for the goods accepted by Defendant.

Plaintiff alleges that the unpaid contract price is $270,101.16. In support of its claim for this amount, Plaintiff submitted copies of the invoices for each shipment of goods allegedly accepted by Defendant. (Vignola Decl., Ex. A.) The amounts due under the invoices are as follows:

1. Invoice No. 397 (dated Oct. 11, 2006): $ 53,044.40
2. Invoice No. 403 (dated Oct. 12, 2006): $ 10,082.47
3. Invoice No. 410 (dated Oct. 19, 2006): $ 1,499.30
4. Invoice No. 417 (dated Oct. 21, 2006): $ 2,626.40
5. Invoice No. 418 (dated Oct. 24, 2006): $ 1,029.20
6. Invoice No. 423 (dated Oct. 26, 2006): $ 1,809.18
7. Invoice No. 427 (dated Oct. 26, 2006): $ 23,581.89
8. Invoice No. 455 (dated Nov. 7, 2006): $ 10,035.84
9. Invoice No. 456 (dated Nov. 7, 2006): $ 5,494.13
10. Invoice No. 486 (dated Nov. 20, 2006): $ 4,132.80
11. Invoice No. 487 (dated Nov. 20, 2006): $ 7,764.60
12. Invoice No. 504 (dated Nov. 28, 2006): $ 1,061.13
13. Invoice No. 505 (dated Nov. 28, 2006): $ 568.58
14. Invoice No. 510 (dated Nov. 30, 2006): $ 32,437.50
15. Invoice No. 523 (dated Dec. 1, 2006): $ 650.00
16. Invoice No. 544 (dated Dec. 14, 2006): $ 11,111.54
17. Invoice No. 547 (dated Dec. 14, 2006): $ 64,453.73
18. Invoice No. 559 (dated Dec. 20, 2006): $ 28,140.50
19. Invoice No. 560 (dated Dec. 20, 2006): $ 2,317.26
20. Invoice No. 15 (dated Jan. 18, 2007): $ 4,452.39
21. Invoice No. 20 (dated Jan. 19, 2007): $ 1,161.30
22. Invoice No. 31 (dated Jan. 31, 2007): $ 995.73
23. Invoice No. 44 (dated Feb. 1, 2007): $ 752.25
24. Invoice No. 53 (dated Feb. 9, 2007): $ 899.03
$ 270,101.15

(*Id.*, Ex. A.) As shown above, the total of these charges comes to $270,101.15, one penny less than the amount claimed by Plaintiff. (*See id.*, ¶ 2.)

Plaintiff's documentary submissions, combined with an affidavit attesting that these figures accurately reflect the agreed upon purchase price (*see id.*, ¶ 2), provide a "sufficient basis from which to evaluate the fairness" of Plaintiff's claimed damages and demonstrate the amount of indebtedness claimed by Plaintiff. *Fustok v. ContiCommodity Servs. Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *see also Marc Rich & Co.*, 951 F.2d at 508 (determining amount of default judgment without hearing where court was provided with sufficient evidence). I therefore recommend that Plaintiff be awarded damages in the amount of $270,101.15, representing the total sum of the outstanding purchase prices due from Defendant.

### C. Prejudgment Interest

Plaintiff also seeks an award of prejudgment interest. Under New York choice of law principles, which apply in this diversity action (*see supra*), "the allowance of prejudgment interest is controlled by the law of [the state] whose law determined liability on the main claim." *Entron, Inc. v. Affiliated FM Ins. Co.*, 749 F.2d 127, 131 (2d Cir. 1984). Because, as noted above, Plaintiff's breach of contract claim is governed by New York law for the purposes of this inquest, New York law's prejudgment interest rules also apply here. In contract cases, New York allows for the award of prejudgment interest at a rate of nine percent per annum, to be calculated from the earliest ascertainable date on which the cause of action existed. *See* N.Y. C.P.L.R. §§ 5001, 5002, and 5004; *Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998) (under New York law, prejudgment interest is "normally recoverable as a matter of right" in breach of contract actions); *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998).

In this case, Plaintiff has submitted to the Court 24 invoices which became due on various particular dates between December 2006 and May 2007.[1]  Plaintiff requests that, in the interest of efficiency, an intermediate date of February 28, 2007 be used to approximate the total amount of interest due on the aggregate unpaid purchase prices.  (*See* Proposed Findings ¶¶ 12-13; C.P.L.R. § 5001(b) ("where . . . damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date").)  Plaintiff's proposed intermediate date of February 28, 2007 falls approximately halfway between the dates upon which the first and last invoices became due and, as such, represents a reasonable intermediate date from which interest may be computed.  *See Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994) (C.P.L.R. § 5001 "grants courts wide discretion in determining a reasonable date from which to award pre-judgment interest"); *Ogilvy Group Swed., AB v. Tiger Telematics, Inc.*, 05 Civ. 8488 (DLC) (FM), 2006 U.S. Dist. LEXIS 54581, at *10 (S.D.N.Y. Jul. 20, 2006) (report & recommendation) (noting that the court has "wide discretion" in determining a reasonable intermediate date, and citing cases in which the date used was approximately halfway between the first and last due dates), *adopted by* 2006 U.S. Dist. LEXIS 60456 (S.D.N.Y. Aug. 28, 2006); *Russek Advertising, Inc. v. Hurst*, No. 90 Civ. 7236 (LMM) (JCF), 1992 U.S. Dist. LEXIS 5892, at *5-6 (S.D.N.Y. Apr. 15, 1992) (report & recommendation) (calculating prejudgment interest based upon "[t]he midpoint of the invoice dates"), *adopted by* 1992 U.S. Dist. LEXIS 5862 (S.D.N.Y. Apr. 28, 1992); *Oy Saimaa Lines Logistics Ltd. v. Mozaica-New York, Inc.*, 193 F.R.D. 87, 91 (E.D.N.Y.

---

[1] According to Plaintiff, the payment for each of the 2006 shipments became due 60 days after the date of the invoice and the payment for each of the 2007 shipments became due 90 days after the date of the invoice.  (Vignola Decl., ¶ 3.)

2000) (calculating prejudgment interest from the "approximate[] . . . midpoint" of the outstanding invoices).

Furthermore, Plaintiff's proposed method of calculation would not result in its being overcompensated. Based on Plaintiff's submissions, it appears that the vast majority of the unpaid amount – $261,840.45 out of the total $270,101.15 sought – became due prior to Plaintiff's proposed intermediate date of February 28, 2007. Thus, Plaintiff's calculation method yields a smaller interest award than an invoice-by-invoice calculation would. *Cf. Team Air Express, Inc.*, 2008 U.S. Dist. LEXIS 91850, at *2 n.2 (adopting Plaintiff's method of calculating interest where "plaintiff's request is lower than that to which it is entitled").

For these reasons, I recommend that the Court award Plaintiff prejudgment interest, at an annual rate of nine percent, on Plaintiff's total, demonstrated contract damages of $270,101.15, beginning on February 28, 2007, and running until the date that the judgment is entered on the docket.

### D. Costs

Plaintiff seeks costs in the amount of $410, comprised of a $350 filing fee and $60 in fees for service of process. (Proposed Findings ¶ 15.) These amounts have been adequately demonstrated, are reasonable, and are recoverable as costs pursuant to Local Rule 54.1(b)(10). *See also* 28 U.S.C. § 1920. Plaintiff should therefore be awarded costs in the amount of $410.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff be awarded the following:

(1) damages in the amount of $270,101.15;

(2) prejudgment interest in the amount of nine percent per annum on $270,101.15, to be calculated by the Clerk of the Court from February 28, 2007, until the date of entry of judgment; and

(3) costs in the amount of $410.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, United States Courthouse, 500 Pearl Street, Room 630, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
August 3, 2010

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

10

Copies To:

Hon. George B. Daniels, U.S.D.J.

Francesco A. Di Pietro, Esq.
Wuersch & Gering, LLP
100 Wall Street, 21st Floor
New York, NY 10005

AXA Holdings, LLC
147 West 35th Street, 12th Floor
New York, NY 10001