UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONCERIA VIGNOLA SRL,

                Plaintiff,

-v-

AXA HOLDINGS, LLC,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 23 AUG 2010
```

ORDER
09 cv 6684(GBD)(DF)

GEORGE B. DANIELS, District Judge:

    Conceria Vignola SRL ("Plaintiff") filed a breach of contract action against AXA Holdings, LLC ("Defendant") based on defendant's alleged failure to pay for goods delivered. Defendant failed to answer or otherwise respond to the complaint. This Court ordered that a default judgment be entered against defendant, and referred the matter to Magistrate Judge Freeman for a Report and Recommendation ("Report") for an inquest concerning damages.

    Judge Freeman issued a Scheduling Order requiring plaintiff to serve and file Proposed Finds of Fact and Conclusions of Law ("Proposed Findings"). In this Order, Judge Freeman cautioned defendant that if it did not respond to plaintiff's submissions or contact her chambers she would issue a Report on the basis of plaintiff's written submissions alone. Plaintiff filed its Proposed Findings in a timely manner; defendants did not file a response to any of plaintiff's submissions nor did it contact Magistrate Judge Freeman's chambers. Judge Freeman recommends that the Plaintiff be awarded damages, interest and costs.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In her report, Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This court has received no objections to the Report and Recommendation, and the time to do so has expired.

Without a response from defendant, this Court must assess whether plaintiff has provided a sufficient basis for the Court to determine damages. See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (noting that the Court "should take the necessary steps to establish damages with reasonable certainty"). Although the Court may hold a hearing to assess damages, a hearing is not required where a sufficient basis on which to make a calculation exists. Fed. R. Civ. P. 55(b)(2) (court may conduct hearings on damages as necessary); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R.Civ. P. 55(b)(2) "allows but does not require . . . a hearing"). This Court accepts the Report's Recommendation that plaintiff's written submissions provide an adequate basis for calculating the amount of damages.

After carefully reviewing the Report and Recommendation, this Court finds that the report is not facially erroneous, and adopts the Report's Recommendation to: (1) award damages to plaintiff in the amount of $270,101.15; (2) prejudgment interest in the amount of nine percent per annum on $270,101.15, to be calculated by the Clerk of the Court from February 28, 2007

until the date of entry of judgment; (3) and costs in the amount of $410.

Dated: New York, New York
       August 23, 2010

                                      SO ORDERED:

                                      2 3 AUG 2010

                                      *[signature]*

                                    HON. GEORGE B. DANIELS
                                    GEORGE B. DANIELS
                                    United States District Judge